UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HELEN SWARTZ, Individually,

           Plaintiff,

v.

KOP HOTEL XXXI OWNER LP,
a Pennsylvania Limited Partnership, and
POLLIN/MILLER HOSPITALITY
STRATEGIES, INC., a Virginia
Corporation,

           Defendants.
_____/

Case No.  2:19-cv-01967-CFK

## SECOND AMENDED COMPLAINT

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, KOP HOTEL XXXI OWNER LP, a Pennsylvania Limited Partnership, and POLLIN/MILLER HOSPITALITY STRATEGIES, INC., a Virginia Corporation (sometimes referred to as "Defendants") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181 et seq. ("ADA").

1.     Plaintiff, HELEN SWARTZ, resides in Miami Beach, Florida, in the County of Miami-Dade.

2.     Defendants' property, The Crowne Plaza Hotel, is located at 260 Mall Boulevard, King of Prussia, PA, in the County of Montgomery.

3. Venue is properly located in the Eastern District of Pennsylvania because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq. See, also, 28 USC § 2201 and § 2202.

5. Plaintiff, HELEN SWARTZ is a Florida resident, is sui juris, has multiple sclerosis and relies on the use of an electric scooter to ambulate, as she is mobility impaired. She qualifies as a person with disabilities, as defined by the Americans with Disabilities Act.

Helen Swartz was born and raised in New York City and moved to the Philadelphia area in 1978 to attend graduate school. After completion of her studies, she founded a business and resided in the area until 2011. She was active in the business community and has many long-standing relationships that she has maintained throughout the years. She also had two children during those years, through which she knew many people.

Helen Swartz visited the property which forms the basis of this lawsuit on April 16, 2019, and has reservations to return to the property on December 18, 2019, to do holiday shopping with her granddaughter, as the subject Hotel is close to the King of Prussia Mall, and to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property, which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities the property has to offer and use the restrooms.

6. The Plaintiff has encountered architectural barriers at the subject property, which are enumerated in paragraph 10. The barriers to access at the property have endangered her safety, and adversely affected her ability to use the facilities.

7. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as The Crowne Plaza Hotel, and is located at 260 Mall Boulevard, King of Prussia, PA 19103, in the County of Montgomery.

8. HELEN SWARTZ has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in Paragraph 10 of this Second Amended Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. HELEN SWARTZ desires to visit The Crowne Plaza Hotel not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the hotel, as prohibited by 42 USC § 12182 et seq.

10. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January

26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Crowne Plaza Hotel has shown that violations exist. These violations which HELEN SWARTZ personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

    a.    The assorted access aisles serving the accessible parking spaces do not adjoin the accessible routes. This is in violation of section 502.3 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult for the plaintiff to access the site.

    b.    An appropriate number of compliant accessible parking spaces with compliant access aisles are not provided at the parking facility. This is in violation of section 208.2 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult for the plaintiff to access the site.

    c.    The ground surface of the accessible parking access aisle has a change in level. This is in violation of section 502.4 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult to access the site.

    d.    The ramp to enter the site does not have edge protection. This is in violation of section 405.9 of the 2010 Standards for Accessible Design. §36.304. This condition makes it scary for the plaintiff to access the site.

    e.    The stairway is missing handrails. This is in violation of section 504.6 of the 2010 Standards for Accessible Design. §36.304.

    f.    Accessible seating is not provided at the tables or bars. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff access the tables in the hotel.

    g.    There is a change in level to access the patio. This is in violation of section 303 of the 2010 Standards for Accessible Design. This condition made it difficult for the Plaintiff enter the inside and outside of the hotel.

    h.    The vending machine is out of reach to a person in a wheelchair. This is in violation section 228.1 of the 2010 Standards for Accessible Design §36.202, §36.304. This condition denied plaintiff access to get a drink from the machine.

    i.  Items in the fitness room are out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult to access items in the site.

    j.  The window controls in the accessible guestroom require tight grasping, pinching, or twisting of the wrist to operate. This is in violation of section 309.4 of the 2010 Standards for Accessible Design §36.304. This condition made it difficult for the plaintiff to use.

    k.  In the accessible guestroom bathroom, the shower spray on/off control with a non-positive shut-off unit is not provided in the roll-in shower or in the bathtub. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

    l.  Items in the accessible guestroom bathroom and bedroom are out of reach to a person using a wheelchair. This is in violation of sections 213.3.7, 308 and 806 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

    m.  The hooks in the wheelchair accessible compartments and the alternate toilet stalls are too high. This is in violation of section 604.8.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

    n.  The accessible stalls do not have appropriate grab bars by the water closets. This is in violation of section 604.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

    o.  In the assorted toilet rooms, the wheelchair accessible compartments and the alternate toilet stalls doors do not have appropriate hardware on both sides of its door. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design §36.304. This condition made it difficult for the plaintiff to access the door.

    p.  In the assorted toilet rooms, the wheelchair accessible compartments and the alternate toilet stalls doors are not self-closing. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design §36.304. This condition made it difficult for the plaintiff to access the door once inside the stall.

    q.  The Koala Kare overlaps the clearance around the accessible wheelchair

water closet. This is in violation section 604.3.2 of the 2010 Standards for Accessible Design §36.304. This condition made it difficult for the Plaintiff to use the facility.

  r. The Koala Kare is out of reach for a person using a wheelchair to open the compartment. This is in violation section 309.3 of the 2010 Standards for Accessible Design §36.304. This condition made it difficult for the Plaintiff to use the facility.

  s. The entry door opening force to access the toilet rooms are too heavy. This is in violation of section 604.2.9 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

  t. The hotel does not provide the required amount of compliant accessible guest rooms. This is in violation of section 224 of the 2010 Standards for Accessible Design. §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel.

**Maintenance**

  u. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

11. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

12. The discriminatory violations described in Paragraph 11 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA

violations, as set forth above. The individual Plaintiff, and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181 *et seq.* and 28 CFR. 36.302 *et seq.* Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 USC § 12205 and 28 CFR 36.505.

15. Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative,

if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use walkers and wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

17. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the The Crowne Plaza Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to

and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

  c. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

  d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: August 26, 2019

_____
Lawrence A. Fuller, Esq., *pro hac vice*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
Telephone: 305.891.5199
Facsimile: 305.893.9505
lfuller@fullerfuller.com
and
David S. Dessen, Esq. (I.D. 17627)
Dessen, Moses & Rossito
600 Easton Road
Willow Grove, PA 19090
Telephone: 215.496.2902
Facsimile: 215.564.2879
ddessen@dms-lawyer.com

*Attorneys for Plaintiff Helen Swartz*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of August, 2019, the foregoing document was sent to the Clerk of Court via Federal Express for filing. The CM/ECF system will automatically notice counsel for Defendant:

> K. Clark Whitney, Esq.
> Ogletree, Deakins, Nash,
> Smoak & Stewart, P.C.
> 1735 Market Street - Suite 3000
> Philadelphia, PA 19103
> clark.whitney@ogletree.com

> _____
> Lawrence A. Fuller, Esq., *pro hac vice*
> Fuller, Fuller & Associates, P.A.
> 12000 Biscayne Boulevard, Suite 502
> North Miami, FL 33181
> Telephone: 305.891.5199
> Facsimile: 305.893.9505
> lfuller@fullerfuller.com
> and
> David S. Dessen, Esq. (I.D. 17627)
> Dessen, Moses & Rossito
> 600 Easton Road
> Willow Grove, PA 19090
> Telephone: 215.496.2902
> Facsimile: 215.564.2879
> ddessen@dms-lawyer.com

*Attorneys for Plaintiff Helen Swartz*